HONORABLE RONALD B. LEIGHTON

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ARTHUR WEST, | NO. 3:10-cv-05381-RBL |
| Plaintiff, | |
| v. | **ORDER ON STATE DEFENDANTS' MOTIONS UNDER FED. R. CIV. PRO. 12** |
| NORTHERN SPOTTED OWL POLICY WORK GROUP, et al., | |
| Defendants. | |

This matter is before the Court for consideration of the State Defendants' motion to dismiss 15 individually-named State Defendants for lack of personal jurisdiction due to a lack of service, and a motion for more definite statement.

Having fully considered the State Defendants' motion and supporting affidavits, any and all responding materials filed by Plaintiff or other parties, and any reply materials, NOW THEREFORE, the Court ORDERS as follows:

1.    The 15 individually-named State Defendants (Shawn Cantrell, Vicki Christiansen, Mark Doumit, Kevin Godbout, Don Halabisky, Chris Lipton, Bob Meier, Bridget Moran, Vic Musselman, Miguel Perez-Gibson, Tom Robinson, Paula Swedeen, Chuck Turley, Patricia Anderson, and Lenny Young) are hereby dismissed from this proceeding because they have not been served, and the Court lacks personal jurisdiction over them.

2.      Plaintiff shall file an Amended Complaint within ten (10) days of the date of this Order.  In that Amended Complaint, he must more clearly articulate his legal claims. Plaintiff's Amended Complaint shall address the matters set forth in the "Deficiencies or Details Requested" column below:

| Paragraph | Subject Matter | Deficiencies or Details Requested |
|---|---|---|
| 4.1 | Washington Public Records Act (Ch. 42.56 RCW) | (a)  The "1st Amendment" is mentioned.  But a violation of the First Amendment to the U.S. Constitution is not clearly specified.  What was the First Amendment violation, and when did it happen?  Which Defendant(s) committed the violation, and on what conduct is the claim based?<br><br>(b)  Articles I and III of the state constitution are mentioned.  But violations of the Washington Constitution are not clearly specified.  If so, what are they?  When did they happen?  Which Defendant(s) committed them, and on what conduct is the claim based? |
| 4.3 | Unconscionable Contract | (a)  Plaintiff has placed the contract hiring Schwennesen and Associates to facilitate and mediate Work Group meetings at issue (Paragraphs 3.2 and 3.9).  What is Plaintiff's interest in this contract, or any others that Plaintiff believes are being challenged.<br><br>(b)  Paragraph 3.20 says "DNR has repeatedly entered into unlawful contracts," but provides no specificity about what those contracts are, whether the contractual parties are parties to this proceeding, and whether the validity of the contracts are being challenged in this proceeding.  These details should be required. |
| 4.4 | Negligent Hiring, Training, and Supervision | Paragraphs 3.15 and 3.21 mention this claim, but none of the critical details are provided.<br><br>(a)  Was Plaintiff injured by negligently hired employees?  What were those injuries?<br><br>(b)  Who caused Plaintiff's injuries, and for which Defendants did they work?  What conduct caused Plaintiff's injuries? |
| 4.5 | (Civil) Conspiracy | Paragraph 3.5 vaguely alleges that some Defendants conspired to violate the Public Records Act.  But Plaintiff fails to discuss what conduct was allegedly unlawful and inconsistent with a lawful, honest purpose. |

| Paragraph | Subject Matter | Deficiencies or Details Requested |
|---|---|---|
| 4.7 | Unconstitutional Expenditure of Funds | Paragraph 3.10 alleges that the contract to retain Schwennesen & Associates was unlawful or unconstitutional.  What is Plaintiff's basis for believing the expenditures were unlawful or unconstitutional? |
| 4.8 | State Environmental Policy Act (SEPA) (Ch. 43.21C RCW) | (a)  Paragraph 3.17 vaguely alleges that "rules" and "policies" were adopted in violation of SEPA.  Which rules and policies are being challenged?  SEPA appeals can only be brought in connection with a challenge to their underlying governmental action.  Rules can only be challenged under the Administrative Procedure Act (see below).<br><br>(b)  Paragraph 3.17 is not clear regarding whether any challenges are being made to other "recommendations", and if so, what recommendations are being challenged. |
| 4.9 | Deceptive Business Practices | (a)  Is this a Washington Consumer Protection Act (Ch. 19.86 RCW) claim?<br><br>(b)  What business interests of Plaintiff were injured?  If no business interests of Plaintiff were injured, what were Plaintiff's injuries associated with this claim?<br><br>(c)  What conduct does Plaintiff allege injured him?  Which Defendant(s) are alleged to have caused Plaintiff's injuries? |
| 4.9 (2nd one) | Civil Rights Act (42 U.S.C. §§ 1983, 1985, and 1988) | (a)  What federal rights does Plaintiff contend were violated, and how were they violated?  Which Defendants does Plaintiff contend violated his rights?  What are they alleged to have done to violate Plaintiff's rights?  How was Plaintiff injured?<br><br>(b)  Under § 1985, which Defendants does Plaintiff contend entered into a conspiracy, what was the nature of the conspiracy, and what federally-protected rights of Plaintiff were injured as a result? |

3.       Additionally, Plaintiff's Amended Complaint shall clearly articulate whether he is challenging the validity of any state rules.  If so, the Amended Complaint shall identify a State Administrative Procedure Act cause of action and shall indicate which rules are being challenged, which agency adopted each challenged rule, and describe the reason(s) why each

rule is alleged to be invalid.  If there are no challenges to state administrative rules, all allegations regarding state rules shall be removed from the amended version of the Complaint.

4.      Plaintiff's Amended Complaint shall also clearly articulate whether he is asserting a cause of action under the Endangered Species Act.  If so, the Amended Complaint shall identify a cause of action associated with the Endangered Species Act, along with necessary details such as what aspects of the ESA are alleged to have been violated, by which parties, by what conduct, and shall describe how Plaintiff complied with the notice provisions in 16 U.S.C. § 1540(g)(2).

5.      Failure to file an Amended Complaint will result in a dismissal of this action without prejudice.

DATED this 18th day of August, 2010.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE


Presented By:

ROBERT M. MCKENNA
Attorney General


/s *Philip M. Ferester*
PHILIP M. FERESTER, WSBA# 21699
Assistant Attorney General
Natural Resources Division
*Attorneys for State Defendants*

[PROPOSED]
ORDER ON STATE DEFENDANTS'
MOTIONS UNDER FED. R. CIV.
PRO. 12

Error! AutoText entry not defined.